The opinion of the Court was delivered by
Inglis, A. J.
A promise to pay "sixty dollars in gold” is not a contract for the delivery of specific articles, the recovery for the breach of which must be in damages, estimated according to the market value at the date of recovery *51 of the article to be delivered. “ Dollars in gold ” can only mean the gold coins of the country, made current as money, by public authority. Gold in this sense is not an article of ordinary traffic, but one form of that medium of exchange, by the instrumentality of which the traffic in commodities is effected. Goins of gold and silver, so made current, are the only lawful money of the country in which all contracts and recoveries at law are payable, unless something else has been made equally so by positive command of competent authority.
The comparative value of gold and silver money fluctuates in the market, and yet it would not be proper, in the ordinary condition of the country, when these constitute the only lawful money, to measure the recovery on such a promise as this, according to the ruling value of silver at the time of recovery, if of less comparative value than gold, on the assumption, however reasonable, that the debtor will pay in that form of lawful money which will cost him the least. No more can it now be proper to make the comparative value of treasury notes of the United States the measure of recovery, as has been here done on a similar assumption. To hold that such a mode of estimating the recovery to be had is the legal right of the creditor, would take away from such contracts as the present, one of the essential properties of pi’omissory notes, and convert them into agreements to pay an uncertain sum, varying with the hourly fluctuations of the money markets, and the sport of the multiplied casualties which agitate or compose that.
The plaintiff can only be entitled to a decree for sixty dollars, and such interest as by the terms of the promise sued on shall have accrued and be due at the date of recovery. Whether a tender of the amount due, according to this mode of estimating it, at any time before suit, and the payment thereof into Court in treasury notes, would *52 have relieved the defendant from interest subsequently accruing and costs, or whether such recovery as is here approved can, when had, be satisfied by the payment or tender of the amount thereof in such notes, are questions not now under consideration, and on them it is not intended to intimate an opinion either way. It will not, however, be assumed here that the plaintiff, or any other party . interested in the matter, may not make this question of legal tender, when occasion requires that it shall be made. It is yet an open question, and its solution cannot be anticipated. But if it should be determined that a tender or payment of this kind will not be satisfaction, the injustice, which in such event would be done to this defendant, by a decree such as this under review, may illustrate the incorrectness of such a mode of measuring the recovery.
The decree of the District Court is set aside, and a new trial ordered.
DüNKlN, C. J. and Wardlaw, A. L, concurred.

Motion granted.